

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*RBS Financial Center*  (203) 696-3000
*1000 Lafayette Blvd 10th Floor*  *Fax (203) 579-5575*
*Bridgeport, CT 06604*  *www.justice.gov/usao/ct*

May 27, 2016

**BY E-MAIL**

Mr. Derrick Hogan
441 New Karner Road
Albany, New York 12205

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
5/27/2016
Roberta D. Tabora, C
By: /s/

<u>United States v. Kristian Saucier</u>
Criminal No. 3:15cr131(MPS)

Dear Attorney Hogan:

     This letter confirms the plea agreement between your client, Kristian Saucier (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

     The defendant agrees to plead guilty to Count One of the Indictment charging him with unauthorized retention of defense information, in violation of Title 18, United States Code, Section 793(e).

     He understands that, to be guilty of these offenses, the following essential elements of the offense must be satisfied:

     1.    On or about the dates in the Indictment, the defendant had unauthorized possession of documents or information relating to the national defense;

     2.    Which information the defendant had reason to believe could be used to the injury of the United States or to the advantage of any foreign nation; and

     3.    The defendant willfully retained the same and failed to deliver it to the officer or employee of the United States entitled to receive it.

**THE PENALTIES**

This offense carries a maximum penalty of ten years' imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on the count of conviction. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

**THE SENTENCING GUIDELINES**

<u>Applicability</u>

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

<u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's recognition and affirmative acceptance of personal responsibility for the offense.

The above-listed recommendation is conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make its recommendation or seeks denial of the adjustment for acceptance of responsibility.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2M3.3(a)(2)) | 24 |
| Plus: Abuse of a Position of Trust (U.S.S.G. § 3B1.3) | 2 |
| Plus: Obstruction of Justice (U.S.S.G. § 3C1.1(1)) | 2 |
| Less: Acceptance of Responsibility (U.S.S.G. § 3E1.1(b)) | -2 |
| Total: | 26 |

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I.  The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

3

A total offense level of 26, assuming a Criminal History Category I, would result in a Guideline range of 63 to 78 months of imprisonment, a fine of $25,000 to $250,000 and a supervised release term of one to three years.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. Amongst other arguments, the defendant reserves his right to argue that a departure is warranted under U.S.S.G. Section 5K.2.20 on the basis that the defendant's instant conduct was aberrant.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline range specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 78 months' imprisonment, a three-year term of supervised release, and a fine of $250,000, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and

him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the offenses which form the basis of the Indictment. After sentencing, the Government will move to dismiss the remaining count of the Indictment against the defendant.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

JACABED RODRIGUEZ-COSS
ASSISTANT UNITED STATES ATTORNEY
Telephone: (203) 696-3027

VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY
Telephone: (203) 696-3016

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____   5-27-16
Kristian Saucier                Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____   05/27/2016
Derrick Hogan, Esq.             Date
Attorney for the Defendant

7

## STIPULATION OF OFFENSE CONDUCT

The defendant Kristian Saucier and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Count One of the Indictment:

The defendant used his cellular telephone to take a number of photographs of the inside of classified sections of *U.S.S. Alexandria*, a *Los Angeles* class nuclear attack submarine on the following dates and times while the submarine was in port in Groton, Connecticut, including: (1) two photos containing Naval Nuclear Propulsion Information classified as Confidential/Restricted Data taken on January 19, 2009, between 3:55 a.m. and 4:00 a.m. ("the January photos"); (2) two photos containing Naval Nuclear Propulsion Information classified as Confidential/Restricted Data taken on March 22, 2009, between 1:30 a.m. and 1:31 a.m. ("the March photos"); and (c) two photos containing Naval Nuclear Propulsion Information classified as Confidential/Restricted Data taken on July 15, 2009, at 12:47 p.m. ("the July photos"). The two January photos captured the auxiliary steam plant panel and the reactor compartment viewed through a portal. The two March photos provided a panoramic array of the Maneuvering Compartment. Similarly, the two July photos documented the reactor head configuration of the nuclear reactor and a view of the reactor compartment from within that compartment.

The defendant, who was a Navy Machinist Mate at the time and had a Secret clearance, knew from his training and his specialized work upon the submarine that these photographs depicted classified material and knew that he was not authorized to take the images. The defendant further knew that the photographs could be used to the injury of the United States and to the advantage of any foreign nation. He willfully retained these photographs and failed to deliver them to any officer or employee of the United States entitled to receive it.

On July 16, 2012, the defendant was interviewed by federal law enforcement agents and confronted with the images from his phone. Following this interview, the defendant returned to his residence, where he immediately destroyed a laptop, camera and a memory card. He took these actions to impede the federal investigation into the photographs.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

KRISTIAN SAUCIER
The Defendant

DERRICK HOGAN, ESQ
Attorney for the Defendant

VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY

JACABED RODRIGUEZ-COSS
ASSISTANT UNITED STATES ATTORNEY